AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

UNITED STATES OF AMERICA
V.
Lester B. Pittman, Jr.
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case  CR06-131-SLR.

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- X (1) There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in  21 USC § 841 .
  - ☐ under 18 U.S.C. § 924(c).
- X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- (1) There is a serious risk that the defendant will not appear.
- (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  X  clear and convincing evidence  X  a preponderance of the evidence: As a result of a detention hearing held in December 2006, the court detained defendant on the basis of risk of non-appearance and danger to the community for the following reasons:
1. Nature of the offense- possession with intent to distribute more than 50 grams of cocaine base.
2. Strength of the evidence against defendant. Defendant engaged in hand-to-hand transaction and was observed by investigators. Defendant further admitted to using the drug.
3. Despite having a wife and 4 children, defendant has not been employed since his layoff from Pepsi in 2004. From the evidence and argument, it appears defendant until his detention hearing did little to find other employment. Defendant's criminal history begins at age 17 for theft in Maryland. The probation for that crime was revoked because of a new offense. In 1990 at age 23 defendant was charged with 2 counts of rape 2d, but was found guilty of third degree sexual assault. In 1996, he was charged with assault with intent to murder and was found guilty of battery for which he received 5 years+ in jail. Defendant violated the probation for this conviction. In October 2006, defendant was charged in DE state court with possession of a controlled substance with intent to delivery. These charges were converted to the present federal offense. This is his first offense in a state other than Maryland. Defendant has been convicted of other offenses in Maryland including theft, disorderly conduct, resisting arrest. He has a past history of violent behavior, no ties to DE and due to the maximum penalties, he is a risk of non-appearance. His past assaultive behavior, past arrest for drug offenses all point to an individual who is a danger to the community.

FILED
JAN 3 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 472 (Rev. 3/86) Order of Detention Pending Trial

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| January 3, 2007 | |
|---|---|
| Date | Signature of Judicial Officer |
| | Mary Pat Thynge, Magistrate Judge |
| | Name and Title of Judicial Officer |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).