IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No.: 06-131-SLR |
| | : | |
| | : | |
| LESTER PITTMAN, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT PITTMAN'S PRETRIAL MOTION TO SUPPRESS EVIDENCE**

Defendant, Lester Pittman, by and through his counsel, Christopher S. Koyste, hereby moves the Court, pursuant to Fed. R. Crim. P. 12 (b)(3) and the Fourth and Fifth Amendments to the United States Constitution, to suppress all evidence that was obtained after the traffic stop of an automobile that he was driving, and all statements made after he was in custody.

In support of this motion Mr. Pittman submits the following:

STATEMENT OF FACTS[1]

1. On October 6, 2006, at approximately 7:45 p.m., Trooper Marzec of the DEA task force claims that he observed Lester Pittman enter a GMC Yukon vehicle bearing Maryland registration 680M867. Trooper Marzec next saw another automobile park behind the subject Yukon, the driver of which exited his vehicle and walked to the driver's side of the GMC Yukon. Trooper Marzec claims that he observed Mr. Pittman and the unknown individual "engage in a hand-to-hand transaction." In his report, Trooper Marzec did not state what he observed being exchanged between

[1]Any facts contained in this motion were taken from the police reports and discovery given to the Defense. By including these facts in its pre-trial motion, the Defense in no way concedes that events transpired as stated in the police reports. It is the Defense's position that an evidentiary hearing is needed to develop the official record of facts.

Mr. Pittman and the unknown individual.

2. As the GMC Yukon began to move, Trooper Marzec followed it and called in Officer Esham of the Delmar Police Department to conduct a traffic stop of Mr. Pittman's vehicle. Trooper Marzec claims that the GMC Yukon failed to signal for a turn and failed to drive right of the center line on two occasions as he pursued it. Meanwhile, Officer Esham arrived, and he claims that he also saw the GMC Yukon cross the center line of the road twice, by over a tire's width in distance. Officer Esham conducted a traffic stop of the GMC Yukon, which pulled over onto the shoulder of the road just south of the Delaware line in the State of Maryland.

3. Officer Esham walked up to the vehicle and engaged Mr. Pittman in a conversation, requesting his driver's license and registration. Officer Esham claims that during this conversation, Mr. Pittman advised that he was aware of the violations and should not have been driving so fast. In addition, Officer Esham noted in his report that he believed that Mr. Pittman was nervous because his voice cracked and his hands shook as he produced his driver's license. Officer Esham returned to his vehicle to check on Mr. Pittman's driver's license and registration to complete a written warning. Meanwhile, Trooper Marzec contacted the Salisbury Maryland Police Department to request the K-9 Unit's assistance. K-9 Officer Kurten arrived with a police dog and approached the GMC Yukon to inform Mr. Pittman that the dog was going to perform an exterior search of the vehicle.

4. Officer Kurten claims that Mr. Pittman exited the vehicle and was allegedly asking questions, repeating the same things, and looking around in a manner that Officer Kurten describes in his report as the behavior of someone who wishes to escape or flee. Officer Kurten advised Mr. Pittman that he was going to be patted down to ensure the safety of the officers on the scene. When

Officer Kurten patted down Mr. Pittman's clothing, he felt a heavy object that he believed was approximately five inches long in Mr. Pittman's right front jacket pocket. When Officer Kurten asked Mr. Pittman what was in his pocket, Mr. Pittman allegedly attempted to put his hands into the pocket. Officer Kurten claims that he repeated the question, asking whether Mr. Pittman had a knife in his pocket, and that Mr. Pittman did not respond. Instead, according to Officer Kurten, Mr. Pittman again attempted to put his hand into his pocket. Officer Kurten next asked Mr. Pittman to put his hands on his vehicle, which he did. Officer Kurten then reached into Mr. Pittman's right front jacket pocket to take out the heavy item so that he could be sure it was not a weapon, and removed a silver flashlight, a partial cigarette, and a baggie that had its corner twisted at the top and contained a cream-colored rock-like substance that Officer Kurten believe was crack cocaine. Officer Kurten reported all of this to Trooper Marzec, who placed Mr. Pittman under arrest. Mr. Pittman was then searched, and the officers recovered another baggie of suspected crack cocaine in his left front jacket pocket. A search of the GMC Yukon revealed more of the rock-like substance, a digital scale, a cellular telephone, and miscellaneous paperwork.

5. Mr. Pittman was taken to a hospital shortly after being taken in to custody due to his reporting that he had ingested cocaine base prior to his arrest. Thus, while he was in police custody Mr. Pittman made numerous statements to law enforcement without being informed of, or waiving, his rights as required by Miranda v. Arizona, 384 U.S.436 (1966).

6. Mr. Pittman was indicted on November, 16, 2006 for possession with the intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Mr. Pittman entered a plea of not guilty at his arraignment on December 6, 2006. Pre-trial motions are due on January 26, 2007.

7. The Fourth Amendment to the United States Constitution guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV (cited in Whren v. United States, 517 U.S. 806, 809 (1996)). "Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons' within the meaning of this provision." Id. (citing Delaware v. Prouse, 440 U.S. 648, 653 (1979)). Thus, an automobile stop is a seizure which must not be "'unreasonable' under the circumstances," and, "[a]s a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." Whren, 517 U.S. at 810 (citing Prouse, 440 U.S. at 659). The Defense asserts that the police officers lacked probable cause to perform a traffic stop of Mr. Pittman's vehicle.

8. Because the police obtained the drugs and Mr. Pittman's statements as a result of their illegal stop of the vehicle, this Court should suppress this evidence as the fruit of the poisonous tree. See Wong Sun v. United States, 371 U.S. 471, 487-488 (1963).

9. Under Terry v. Ohio, 392 U.S. 1 (1968), and its progeny, the Fourth Amendment provides that a police officer "may conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." Illinois v. Wardlow, 528 U.S. 119, 123 (2000) (citing Terry, 392 U.S. at 30). Under Terry, if the officer's interactions with the suspect do not dispel his suspicion of criminal activity, he may conduct a patdown in order to detect weapons that pose a threat to himself and to others nearby. 392 U.S. at 30. However, it must be immediately apparent to the officer who pats down the suspect, without further manipulation of the suspect's outer clothing or removal of the object from the clothing, that the object is a weapon or an immediately identifiable type of contraband. Minnesota v. Dickerson, 508 U.S. 366, 378-379 (1993). The Defense asserts

that Officer Kurten exceeded the scope of Terry because he could not identify the item Mr. Pittman's jacket pocket as a weapon. This is clear because Officer Kurten repeatedly asked Mr. Pittman what was in his pocket. By reaching into Mr. Pittman's pocket and removing all of its contents, Officer Kurten violated Mr. Pittman's Fourth Amendment rights. Because the subsequent search of Mr. Pittman's vehicle, as well as his statements, occurred as a direct result of this illegal search, the statements and all of the evidence obtained during the search of the vehicle must be excluded from these proceedings. See Wong Sun v. U.S., 371 U.S. 471 (1963).

10. Even if Officer Kurten's patdown of Mr. Pittman and the removal of the objects that were in his pockets did not exceed the scope of Terry, this Court must suppress the statements that Mr. Pittman made to the officers both while he rode in the police car on the way to the hospital and while he awaited treatment. Miranda requires that police officers issue warnings to a suspect after they place him in custody and before they initiate interrogation. See Stansbury v. California, 511 U.S. 318, 322 (1994) (citing Miranda, 384 U.S. at 444).

11. Under Dunaway v. New York, 442 U.S. 200 (1979), Mr. Pittman was in the officers' custody in the car and at the hospital. Like the defendant in Dunaway, "[h]e was never informed that he was 'free to go'; indeed, he would have been physically restrained if he had . . . tried to escape [the officers'] custody." Id. at 212-213. See also Stansbury, 511 U.S. at 322 ("In determining whether an individual was in custody . . . 'the ultimate inquiry is simply whether there [was] a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest.'") (quoting California v. Beheler, 463 U.S. 1121, 1125 (1983)). However, the officers failed to issue Miranda warnings before questioning Mr. Pittman. Therefore, the Fifth Amendment requires that this Court suppress his statements.

**WHEREFORE**, Mr. Pittman respectfully requests an evidentiary hearing on this motion and an opportunity to support this motion by briefing after the hearing. Thereafter, Mr. Pittman requests that this Court issue an order suppressing the noted evidence.

/s/

Christopher S. Koyste, Esquire
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, Delaware 19801
Email: ecf_ck@msn.com
Attorney for Defendant Pittman

DATED: January 26, 2007

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies that this Motion to Suppress Evidence is available for public viewing and downloading and was electronically delivered on January 26, 2007 to:

Ilana H. Eisenstein, Esq.
Assistant United States Attorney
1007 Orange Street, Suite 700
Wilmington, Delaware 19801

/s/
CHRISTOPHER S. KOYSTE, ESQUIRE
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, Delaware 19801
Attorney for Defendant Pittman