IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 06-131-SLR |
| LESTER PITTMAN, | : | |
| Defendant. | : | |

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF
PRETRIAL MOTION TO SUPPRESS EVIDENCE**

Defendant, Lester Pittman, by and through his undersigned counsel, Christopher S. Koyste, respectfully submits this Reply Memorandum of Law in support of his Pretrial Motion To Suppress Evidence. For the reasons set forth below, Mr. Pittman seeks to exclude the Government's admission, at trial, of any and all evidence that was obtained after law enforcement officials conducted an impermissible patdown, and any and all alleged statements that were made after these officials failed to administer his Miranda rights after he was taken into custody.

I.   **INTRODUCTION**

On April 27, 2007, Mr. Pittman filed a Memorandum of Law in Support of His Pretrial Motion to Suppress Evidence. On May 11, 2007, the Government filed its Post-Hearing Response To Defendant's Memorandum of Law In Support of Pretrial Motion to Suppress. Mr. Pittman continues to rely on his prior Memorandum, and highlights the following key arguments in response to the Government's post-hearing briefing.

## II.  DISCUSSION

### A.  The Evidence Seized After The Officer's Patdown Search Should Be Suppressed Because the Search Exceeded The Scope of Terry v. Ohio.

As Mr. Pittman previously argued, the officer's search for weapons exceeded the scope of a Terry patdown. See Terry v. Ohio, 392 U.S. 1.  Pursuant to Terry, an officer may briefly stop a person suspected of criminal activity and frisk the suspect if he or she believes that the person is carrying a weapon. Id. at 24. "The purpose of this limited search is not to discover evidence of crime, but to allow the officer to pursue his investigation without fear of violence." Adams v. Williams, 407 U.S. 143, 146 (1972).

During the suppression hearing, the officer's testimony made clear that he did not conduct a protective search.  Instead he "cupped" all of the objects in Mr. Pittman's pocket instead of isolating his search to the suspected weapon.  This is clearly different from the scenario in United States v. Edwards, 53 F.3d 616 (3d Cir. 1995), and more akin to Sibron v. New York, 392 U.S. 40, 65 (suppressing evidence where officer "thrust" his hands in defendant's pocket and retrieved heroin because the "search was not reasonably limited to . . . disarming a potentially dangerous man").

The officer's patdown exceeded the permissible scope under Terry, and amounted to a "rummage and seiz[ure] at will." Minnesota v. Dickerson, 508 U.S. 366, 378.  Accordingly, the evidence seized from the officer's impermissible patdown, as well as evidence seized during the search incident to arrest, should be suppressed. See e.g., Sibron, 392 U.S. at 40; Wong Sun v. United States, 371 U.S. 471; Baker v. Monroe Township, 50 F.3d 1186.

### B.  The Public Safety Exception is Not Applicable.

Mr. Pittman previously noted that the Government argued in its Response to Defendant's

Motion to Suppress that his affirmative response to the officers' question of whether he swallowed any drugs falls under the public safety exception recognized by the Supreme Court in New York v. Quarles," 467 U.S. 649, 656 (1984). See Government's Response to Defendant's Motion To Suppress Evidence, at 9. To the extent that the Government repeats this argument in its Post-Hearing Response, Mr. Pittman reiterates his prior argument in direct response.

The Government misinterprets the public safety exception expressed in Quarles. See United States v. Johnson, 95 Fed.Appx. 448,452 (3d Cir. 2004) (explaining that the purpose of the Quarles public safety exception is to "'secure [the officers' safety] or the safety of the public' and was 'not designed solely to elicit testimonial evidence from a suspect.'" (citations omitted) Here, there was no indication that Mr. Pittman posed a threat to the officers' or public's safety. Moreover, the Government has offered no evidence demonstrating that Mr. Pittman, who was under the influence of drugs, knowingly and intelligently waived his Miranda warnings. Accordingly, this Court should exclude any and all statements made by Mr. Pittman as a result of the officers' failure to administer Miranda warnings.

## V.    CONCLUSION

The officer's patdown exceeded the scope of Terry v. Ohio, 391 U.S. at 1, because he reached into Mr. Pittman's pocket and instantly grabbed all of its contents instead of limiting his search to the suspected weapon. See also Adams, 407 U.S. at 143. Additionally, Mr. Pittman was in custody at the time of his alleged voluntary statements, and the Government has offered no reason as to why Miranda warnings were not given by the officers. The fact that the officers allegedly did not ask questions of Mr. Pittman does not sufficiently establish that any alleged statements by Mr. Pittman

were not the product of custodial interrogation conducted in the absence of Miranda warnings," or that the "interrogation fits within a recognized exception to the Miranda rule." United States v. Desumma, 44 F.Supp.2d 700, 703 (1999); see also, United States v. Benton, 996 F.2d 642, 644 (3d Cir. 1993); Rhode Island v. Innis, 446 U.S. 291 (1982).  Finally, the public safety exception is not applicable to the facts of this case.

Mr. Pittman relies on his prior Memorandum of Law in support of His Motion to Suppress, as well as this Reply Memorandum, and respectfully requests that this Court exclude any and all evidence obtained from the impermissible patodown, and any and all alleged statements made by Mr. Pittman in violation of his Miranda rights.

        /s/ Christopher S. Koyste
Christopher S. Koyste, Esquire
Assistant Federal Public Defender

Tieffa N. Harper, Esquire
Research & Writing Attorney

Attorneys for Lester Pittman

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF DELAWARE
ONE CUSTOMS HOUSE
704 KING STREET, SUITE 110
WILMINGTON, DE 19801
(302) 573-6010

Dated: May 18, 2007