IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 06-131-SLR |
| | : | |
| LESTER PITTMAN, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION IN LIMINE**

The defendant, Lester Pittman, through undersigned counsel, Luis A. Ortiz, hereby moves this Honorable Court for an Order:  (1) excluding at tria,l any testimony related to information provided by the confidential informant or any statements made by the confidential informant in this case; and (2) prohibiting the government from introducing evidence of Mr. Pittman's prior conviction for purposes of impeachment.

As grounds for this motion, the defense submits as follows:

Mr. Pittman is charged in a one-count Indictment with  Possession With Intent to Distribute More Than 50 Grams of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Trial in this matter is scheduled to begin on December 5, 2007.

**(1)     Exclusion of Testimony Relating to Any Statements or Information Provided by the Confidential Informant**

The government has indicated that it will not be calling the confidential informant as a witness at trial and that it will also not be introducing any evidence relating to the confidential informant. During the course of the investigation in this case, the confidential informant provided certain

information to law enforcement officers and made a variety of statements.  Because the confidential informant will not be testifying at the trial, Mr. Pittman moves to exclude the testimony of any other witnesses concerning statements or information provided by the confidential informant.     The introduction at trial of the confidential informant's statements through other witnesses, would require this Court to admit hearsay evidence, and would also violate Mr. Pittman's Sixth Amendment right to confront the witnesses against him.  It should therefore be excluded.

**(2)      Exclusion of Mr. Pittmans's Prior Record for Purposes of Impeachment**

Mr. Pittman also contends that all references to his prior convictions be excluded from trial for purposes of impeachment in the event Mr. Pittman chooses to testify.  Mr. Pittman's prior convictions are for "possession not marijuana" and battery.  He has no convictions for crimes involving dishonesty.  Federal Rule of Evidence 609(a)(1) provides that "evidence that an accused has been convicted of . . . a crime [punishable by death or imprisonment in excess of one year] shall be admitted if the court determines that the probative value of admitting this evidence outweighs the prejudicial effect to the accused."  In addition, the Supreme Court has established the guidelines that govern the admissibility of prior bad act evidence: "(1) the evidence must have a proper purpose under Rule 404(b); (2) it must be relevant under Rule 402; (3) its probative value must outweigh its prejudicial effect under Rule 403; and (4) the court must charge the jury to consider the evidence only for the limited purpose for which it is admitted."  United States v. Sampson, 980 F.2d 883, 886 (3d Cir. 1992).  Due to the interrelation of these issues, they will be discussed together.

This Court should exclude evidence of a prior conviction where the prejudicial value outweighs the probative value and where the impeachment of the defendant is the sole purpose for the introduction of the evidence.  Gordon v. United States, 383 F.2d 936 (D.C.Cir. 1967).  The fear

is that juries may convict, not for the crime charged, but because they believe the accused is a "bad" person:

> The exclusion of bad acts evidence is founded not on a belief that the evidence is irrelevant, but rather on a fear that juries will tend to give it excessive weight, and on a fundamental sense that no one should be convicted of a crime based on his or her previous misdeeds . . . That juries treat prior convictions as highly probative has been confirmed by empirical investigations . . . Such reliance by the trier of fact offends the "long standing tradition that protects a criminal defendant from 'guilt by reputation' and from 'unnecessary prejudice'."

United States v. Daniels, 770 F.2d 1111, 1116 (D.C. Cir. 1985) (citations omitted).

In the present case, should Mr. Pittman testify, the prejudicial effect of any prior convictions will prevent the jury from fairly considering Mr. Pittman's testimony because it will assume, based upon his prior conviction for a drug offense, that he is also guilty of the present offenses. The similarity between his prior drug possession offenses and some of the instant offenses makes it highly prejudicial evidence.

In addition, the nature of Mr. Pittman's prior convictions bears no relationship to his propensity for truthfulness at trial. The probative value of the evidence of his prior convictions for purposes of impeachment is strongly outweighed by the unduly prejudicial nature of the offenses. There admission would undermine Mr. Pittman's right to a fair determination of his credibility and innocence because of the highly inflammatory effect that his record will have on the jury. Cf. Old Chief, 519 U.S. 172 (1997) (holding in the context of a felon in possession count that "[a] district court abuses its discretion under Rule 403 if it . . .admits the full record . . .when the name or nature of the prior offense raises the risk of a verdict tainted by improper considerations, and when the purpose of the evidence is solely to prove the element of the prior conviction"); United States v. Cook, 538 F.2d 1000, 1004 (3d Cir. 1976) (same).

3

**WHEREFORE**, for the foregoing reasons, Mr. Pittman respectfully requests that the Court issue an Order: (1) excluding at trial any testimony relating to any information provided by the confidential informant or any statements made by the confidential informant in this case; and (2) prohibiting the government from introducing evidence of Mr. Pittman's prior convictions for impeachment.

Respectfully submitted,


_____/s/_____
Luis A. Ortiz, Esquire
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, DE  19801
(302) 573-6010
ecf_de@msn.com
Attorney for Defendant Lester Pittman

Dated: November 5, 2007

4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 06-131-SLR |
| | : | |
| LESTER PITTMAN, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

Having considered Defendant's Motion in Limine,

**IT IS HEREBY ORDERED** this _____ day of _____, 2007, that

(1) any testimony relating to any statements or information provided by the confidential informant is hereby excluded; and (2) all references to Mr. Pittman's prior convictions for purposes of impeachment are hereby excluded.

_____
Honorable Sue L. Robinson
United States District Court