IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 06-131-SLR |
| ) | |
| LESTER PITTMAN, ) | |
| ) | |
| Defendant. ) | |

### RESPONSE TO DEFENDANT'S MOTIONS IN LIMINE

NOW COMES the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Robert F. Kravetz, Assistant United States Attorney, and submits the following response to the Motions in Limine filed by Defendant Lester Pittman on November 5, 2007:

**A. Motion in Limine to Exclude Testimony Relating to Statements Provided by Confidential Informants**

1. As Defendant noted in his motion in limine, the Government does not intend to introduce hearsay testimony regarding any statements or information provided by confidential informants.

**B. Motion in Limine to Exclude Defendant's Prior Criminal Record**

2. The Government does not intend to impeach Mr. Pittman with evidence of a prior drug possession offense, unless Defendant opens the door by testifying at trial that he has had no prior involvement with crack cocaine or other illegal controlled substances. The Government does seek, however, to impeach Defendant with his prior battery conviction should he choose to testify.

3. On April 25, 1996, defendant was convicted of felony battery in the Circuit Court in and

for Somerset County, Maryland. On August 26, 1997, Defendant was sentenced to a term of imprisonment of four years, with an additional term of imprisonment of five years and ten months suspended to a term of probation of three years. He was released from prison on October 6, 2001.

4. Federal Rule of Evidence 609 provides that the accused in a criminal case may be impeached by evidence of a prior conviction under the following circumstances:

> (a) General rule.--For the purpose of attacking the character for truthfulness of a witness,
>
> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and **evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused**;
>
> ****
>
> (b) Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. . . .

Fed. R. Evid. 609(a)-(b) (emphasis added).

5. The ten-year time limit in Rule 609(b) runs from the date that the defendant is released from imprisonment until the date the defendant testifies at trial. United States v. Hans, 738 F.2d 88, 93 (3d Cir. 1984). Thus, since Pittman was released from imprisonment on his battery conviction on October 6, 2001, his conviction qualifies under the ten-year requirement of Rule 609(b).

6. The Government, as the party seeking to impeach Defendant with his prior conviction,

2

bears the burden of demonstrating to the court that the probative value of admitting the conviction outweighs its prejudicial effect. Gov't of Virgin Islands v. Bedford, 671 F.2d 758, 761 (3d Cir. 1982). In balancing the probative value of prior convictions against their prejudicial effect, courts have generally examined the following non-exclusive factors:

(1) the kind of crime involved;

(2) when the conviction occurred;

(3) the importance of the witness' testimony to the case;

(4) the importance of the credibility of the defendant.

Bedford, 671 F.2d at 761   See also 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, § 609.05[3][a] (2d ed. Oct. 2007) (collecting cases) (listing five factors to consider, including (1) the impeachment value of the prior crime; (2) the date of the conviction and the defendant's subsequent criminal history; (3) the degree of similarity between the past crime and charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue); United States v. Jackson, 627 F.2d 1197, 1210 (D.C. Cir. 1980); United States v. Mahone, 537 F.2d 922, 929 (7th Cir. 1976); United States v. Davis, 235 F.R.D. 292, 296 (W.D. Pa. 2006); United States v. Paige, 464 F.Supp. 99, 100 (E.D. Pa. 1978).

7.   Although the first two factors identified by the United States Court of Appeals for the Third Circuit weigh in favor of excluding the prior conviction, the last two factors weigh heavily in favor of allowing the Government to impeach Mr. Pittman with his prior battery conviction. The United States expects Defendant to argue at trial that he was not in possession of the 67.8 grams of crack cocaine that were found in the rear passenger compartment of his Gold GMC Yukon truck. The truck is not registered in Defendant's name, but rather in the name of Robany Euneen Pittman.

Should Defendant assert this defense and elect to testify, his credibility would become a central focus of the case, particularly given the fact that numerous personal items (including Defendant's birth certificate as well as personal letters) and receipts from various businesses and medical providers referring to Defendant were found in the vehicle. The jury would have to decide whether the officers' testimony regarding their surveillance of Pittman and his arrest, as well the physical evidence found within the vehicle, outweighed Pittman's testimony that the drugs did not belong to him. Because Pittman's testimony and the jury's evaluation of his credibility would become a crucial in his case, the latter two Bedford factors weigh heavily in favor of admitting the prior conviction.

8. In United States v. Castor, 937 F.2d 293, 298-99 (7th Cir. 1991) the United States Court of Appeals dealt with a similar issue involving the introduction of a prior battery conviction at the defendant's trial on charges of extortion and possession of a firearm by a felon. The court of appeals noted that the admission of the defendant's battery conviction would have had a prejudicial effect, since it concerned evidence of a prior violent crime. Nonetheless, the court of appeals concluded that the district court did not err in admitting the conviction because "the balance tipped in the government's favor due to the centrality of the credibility issue to this case, as well as the importance of the defendant's testimony." Id. at 298. See Jackson, 627 F.2d at 1210 (admitting defendant's prior manslaughter conviction in the defendant's trial on charges that he conspired to distribute and to possess heroin with intent to distribute); see also Loehr v. Walton, 242 F.3d 834, 836 (8th Cir. 2001) (in a civil suit brought under 42 U.S.C. § 1983, the district court did not err in permitting plaintiff to be impeached with prior assault conviction related to the underlying events of his § 1983 case).

9.  Moreover, the additional factor often considered by courts – whether the crime charged is so similar to the past crime that the jury would be unable to separate the two – weighs in favor of admitting the conviction. Defendant is on trial for possessing with intent to distribute cocaine base. The prior battery conviction is unrelated to the pending drug trafficking charges. With a limiting instruction that the jury can only consider the prior conviction for impeachment purposes, the district court can allay any concerns that the jury would convict Defendant on the basis of his prior criminal conduct. See, e.g., United States v. Greenidge, 495 F.3d 85, 97-98 (3d Cir. 2007).

10. For these reasons, the Government respectfully moves that it be able to impeach Defendant with evidence of his prior battery conviction should he choose to testify at trial.

          Respectfully submitted,

          COLM F. CONNOLLY
          United States Attorney


          /s/ Robert F. Kravetz
By:  Robert F. Kravetz
     Assistant United States Attorney

Dated: November 13, 2007