IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 06-131-SLR |
| | : | |
| LESTER PITTMAN, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN RESPONSE TO
GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE EXTRINSIC
EVIDENCE OF A CRIME UNDER FEDERAL RULE OF EVIDENCE 404(b)**

The defendant, Lester Pittman, through undersigned counsel, Luis A. Ortiz, hereby moves this Honorable Court for an order prohibiting the government from introducing extrinsic evidence which is not inherent to the crime for which Mr. Pittman is charged.

As grounds for this memorandum, the defense submits as follows:

**INTRODUCTION**

Mr. Pittman is charged in a one-count Indictment with Possession With Intent to Distribute More Than 50 Grams of Cocaine Base, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(A). We received a letter on November 6, 2007 from the United States Attorney's office, in which we were notified of the intention to introduce 404(b) evidence. This Memorandum of Law is in response to that notice. Trial in this matter is scheduled to begin on December 3, 2007.

**FACTS**[1]

1. On October 6, 2006, at approximately 7:45 p.m., Trooper Marzec of the DEA Task Force claims that he observed Mr. Pittman enter a GMC Yukon vehicle bearing Maryland registration 680M867. Trooper Marzec next saw another automobile park behind the subject Yukon, the driver of which exited his vehicle and walked to the driver's side of the GMC Yukon. Trooper Marzec claims that he observed Mr. Pittman and the unknown individual "engage in a hand-to-hand transaction." In his report, Trooper Marzec did not state what he observed being exchanged between Mr. Pittman and the unknown individual.

2. As the GMC Yukon began to move, Trooper Marzec followed it and called in Officer Esham of the Delmar Police Department to conduct a traffic stop of Mr. Pittman's vehicle.

3. Upon the stop, Mr. Pittman exited the vehicle and Officer Kurten advised Mr. Pittman that he was going to be patted down to ensure the safety of the officers on the scene. During the pat down, Officer Kurten felt a heavy object in Mr. Pittman's right front jacket pocket. Officer Kurten reached in Mr. Pittman's pocket and retrieved a baggie containing a cream-colored rock-like substance that Officer Kurten believed was crack cocaine. Officer Kurten then placed Mr. Pittman under arrest. During a further search of Mr. Pittman, the officers recovered another baggie of suspected crack cocaine in Mr. Pittman's left front jacket pocket.

4. A subsequent search of the GMC Yukon revealed more of the rock-like substance, a digital scale, a cellular telephone, and miscellaneous paperwork.

5. Mr. Pittman was indicted on November 16, 2006 for Possessing with the Intent to Distribute more than 50 grams of Cocaine Base in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(A).

---

[1] Any facts contained in this Memorandum of Law were taken from the police reports and discovery given to the Defense. By including these facts in its Memorandum of Law, the Defense in no way concedes that the events transpired as stated in the police reports.

**DISCUSSION**

**I.   FEDERAL RULE OF EVIDENCE 404(b)**

The Federal Rules of Evidence, Rule 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce.

The Supreme Court has established, and the Third Circuit has adopted, a four-prong test to determine whether evidence of other crimes, wrongs or acts allegedly committed by Mr. Pittman are admissible under the Federal Rules of Evidence, Rule 404(b). See, e.g., Huddleston v. United States, 485 U.S. 681 (1988); United States v. Scarfo, 850 F.2d 1015 (3d Cir.), cert. denied, 488 U.S. 910 (1988). According to the Huddleston test, evidence of prior bad acts (1) must have a proper purpose under Federal Rule of Evidence 404(b); (2) it must be relevant under Federal Rule of Evidence 402; (3) its probative value must outweigh its potential to unfairly prejudice the defendant under Federal Rule of Evidence 403; and, (4) the court must instruct the jury to consider the "prior bad acts" evidence for its limited proper purpose only. Scarfo, 850 F.2d at 1019 (citing Huddleston, 485 U.S. at 691-92). Based on the above noted facts, this Memorandum focuses on the use of the alleged prior bad acts for a proper purpose and their unfair prejudice.

**A.   Proper Purpose**

The Third Circuit has emphasized that Fed.R.Evid. 404(b) "generally prohibits the admission into evidence of extrinsic acts intended to prove a defendant's propensity for crime or to suggest to the jury unfavorable inferences reflecting on his character." United States v. Scarfo, 850 F.2d at 1018.

Evidence of other crimes, wrongs or bad acts is admissible under 404(b) if it proves a plan, preparation, knowledge, intent, opportunity, motive, identity or absence of mistake or accident. Fed.R.Evid. 404(b). Rule 404(b) "does not extend to [or, in other words, does not preclude the introduction of] evidence of acts which are 'intrinsic' to the charged offense." United States v. Cross, 308 F.3d 308, 320 (3d Cir. 2002) (citing Fed.R.Evid. 404(b) advisory committee's note). The Third Circuit defines intrinsic evidence as evidence which can "directly prove" the charged offense. Id.

In this case, the charged offense is Possession of Cocaine Base With Intent to Distribute, and not the Delivery of Cocaine Base. There is ample evidence to substantiate this charge. This evidence includes the defendant's possession of two separate packages of crack cocaine on his person when he was arrested along with an additional 67.8 grams of crack cocaine and a scale discovered in the vehicle that he was driving. Based on these facts alone, the government has sufficient evidence to convict Mr. Pittman with Possession With Intent to Distribute. In addition, this evidence is not intrinsic because it does not "directly prove" the charged offense. Furthermore, this evidence does not fall within one of the permissible purposes under Rule 404(b). Accordingly, this evidence should not be admitted.

**B.     Unfair Prejudice**

Federal Rule of Evidence 403 states in relevant part, "although relevant, evidence may be excluded if its probative value is substantially outweighed by its danger of unfair prejudice." Fed.R.Evid. 403. Unfair prejudice arises when "concededly relevant evidence...lure[s] the fact-finder into declaring guilt on a ground different from proof specific to the offense charged." United States v. Pileggi, 1998 WL 288283 at *1 (3d Cir. 1998) (Robreno, J.)(quoting Old Chief v. United States, 519 U.S. 172, 180 (1997)). In determining whether the danger of unfair prejudice substantially outweighs the probative value of an item of evidence, "we must assess 'the genuine need for the

challenged evidence and balance that necessity against the risk that the information will influence the jury to convict on improper grounds.'" United States v. Sriyuth, 98 F.3d 739, 747-48 (3d Cir. 1996), cert. denied, 519 U.S. 1141 (1997) (quoting Scarfo, 850 F.2d at 1019).

### 1. **The Need for the Challenged Evidence.**

The need for evidence is to be considered "'in view of the contested issues and other evidence available to the prosecution, and the strength of the evidence in proving this issue.'" Sriyuth, 98 F.3d at 748 (quoting United States v. Cook, 538 F.2d 1000, 1003 (3d Cir. 1976)).

In this case, the government does not need to introduce the intrinsic evidence, which allegedly concerned a hand-to-hand transaction between Mr. Pittman and another unidentified male prior to Mr. Pittman's arrest. As stated above, even without this evidence, the police had sufficient evidence to charge Mr. Pittman with Possession of Cocaine Base With Intent to Distribute. Therefore, there is no need for the government to attempt to introduce this evidence concerning Mr. Pittman's uncharged hand-to-hand transaction.

### 2. **Risk that the Evidence will Influence the Jury to Convict on Improper Grounds.**

Character evidence, generally, runs the risk of improperly influencing a jury that an individual with a history of unlawful conduct must have committed whatever offense the government charges against him. See, e.g., United States v. Sampson, 980 F.2d 883, 886 (3d Cir. 1992) (quoting Michelson v. United States, 335 U.S. 469, 475-76 (1948)).[2] Such a risk "exist[s] where there are 'substantial possibilities ... that a jury will harbor strong adverse sensitivity' to the challenged evidence." Sriyuth, 98 F.3d at 748 (quoting Cook, 538 F.2d at 1004).

---

[2]"The reasons proffered to admit prior bad act evidence may often be potemkin village, because the motive, we suspect, is often mixed between an urge to show some other consequential fact as well as to impugn the defendant's character." Sampson, 980 F.2d at 886.

The risk that evidence concerning Mr. Pittman's uncharged hand-to-hand transaction will influence the jury to convict him on improper grounds is great. Once the jury hears that Mr. Pittman is accused of previously engaging in an alleged drug transaction, it will erroneously conclude that Mr. Pittman must have committed the charge of Possession With Intent to Distribute, which he is currently charged with by the government.

**CONCLUSION**

The evidence of Mr. Pittman's alleged hand-to-hand transaction is not intrinsic evidence because it does not "directly prove" that Mr. Pittman is guilty of the charged offense. Nor is this evidence needed. Instead, it would only serve to influence the jury to convict Mr. Pittman based on improper grounds. It simply portrays Mr. Pittman as a man who is more likely than not guilty of the instant offense with which he is currently charged because of other uncharged conduct.

**WHEREFORE**, for the above stated reasons and any other such reasons that shall appear

to the Court, it is requested that this Court enter an Order prohibiting the government from introducing this evidence.

                                        Respectfully submitted,

                                        /s/
                                      Luis A. Ortiz, Esquire
                                      Assistant Federal Public Defender

                                      Attorney for Defendant Lester Pittman

Federal Public Defender's Office
District of Delaware
One Customs House
704 King Street, Suite 110
Wilmington, DE  19801
(302) 573-6010
ecf_de@msn.com


Dated: November 13, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 06-131-SLR |
| LESTER PITTMAN, | : | |
| Defendant. | : | |

## ORDER

**AND NOW,** this              day of                                   , 2007, upon consideration of the Defendant's Memorandum of Law in Response to Government's Notice of Intent to Introduce Extrinsic Evidence of a Crime Under Federal Rule of Evidence 404(b), it is hereby **ORDERED** that the defense motion is **GRANTED**.

**IT IS FURTHER ORDERED**, that any extrinsic evidence of a crime under Federal Rule of Evidence 404(b), for use by the government at trial, is hereby inadmissable.

**BY THE COURT**,

_____
The Honorable Sue L. Robinson
United States District Court