IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 06-131-SLR |
| | ) | |
| LESTER PITTMAN, | ) | |
| | ) | |
| Defendant. | ) | |

### RESPONSE TO DEFENDANT'S MOTIONS IN LIMINE
### TO EXCLUDE INTRINSIC EVIDENCE

NOW COMES the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Robert F. Kravetz, Assistant United States Attorney, and submits the following response to Defendant Lester Pittman's motion in limine to exclude testimony that DEA Task Force Officer ("TFO") Ronald Marzec observed Defendant engage in a drug transaction immediately prior to his arrest for possession with the intent to distribute fifty grams or more of cocaine base (D.I. 36). For the reasons set forth below, Defendant's motion in limine should be denied because the challenged testimony is intrinsic evidence that is directly related to two elements of the charged offense.

1.   On the evening of October 6, 2006, Defendant was arrested following a traffic stop in which approximately 2.65 grams of crack cocaine was found on his person and approximately 67.8 grams of crack cocaine was found in a rear compartment area of his vehicle. A federal grand jury subsequently charged Defendant with possession with the intent to distribute 50 grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B).

2.   On November 6, 2007, the Government sent a letter to defense counsel stating its intent to offer at trial, as intrinsic evidence of Defendant's charged offense, testimony that DEA TFO

Ronald Marzec conducted surveillance of Defendant prior to the traffic stop which led to his arrest. See, e.g., March 28, 2007 Suppression Hearing Transcript ("Tr.") at 12-25; 45-59. TFO Marzec will testify that he witnessed a hand-to-hand transaction take place between Mr. Pittman and an unidentified white male on North Second Street in Delmar. Mr. Pittman was seated in a Gold GMC Yukon during the exchange. Immediately following that exchange, TFO Marzec followed Defendant's vehicle, observed him commit a traffic violation, and requested Patrolman Thomas Esham to conduct a traffic stop. That traffic stop eventually resulted in Defendant's arrest for possessing with the intent to distribute the large quantity of crack cocaine that was found in the vehicle.

3. Defendant's motion in limine argues that testimony regarding the hand-to-hand transaction is extrinsic evidence that should be excluded under Rule 404(b). According to Defendant, TFO Marzec's observation that Defendant engaged in the drug transaction from inside the same vehicle which was found to contain approximately 70 grams of crack cocaine does not "directly prove" the charged possession with intent to distribute offense. In addition, Defendant argues that the Government has ample evidence to convict Defendant of the charged offense, and that the introduction of testimony regarding the hand-to-hand transaction would be unduly prejudicial under Rule 403.[1]

3. Defendant's motion should be denied. TFO Marzec's surveillance of the hand-to-hand drug transaction constitutes intrinsic evidence related to Defendant's possession with intent to distribute offense. The testimony does not qualify as "other acts" evidence under Rule 404(b). As

---

[1] Defendant's sole challenge is to the introduction of testimony that TFO Marzec observed Defendant engage in a hand-to-hand drug transaction, and not to any other events surrounding TFO Marzec's surveillance on October 6, 2006.

2

stated by the United States Court of Appeals for the Third Circuit, "Rule 404(b) 'does not extend to evidence of acts which are 'intrinsic' to the charged offense." United States v. Cross, 308 F.3d 308, 320 (3d Cir. 2002) (quoting Fed. R. Evid. 404(b) advisory committee's note); see 2 Jack B. Weinstein & Margaret A. Berger, Weinstein's Evidence ¶ 404[10], at 404-77 (1991) ("Rule 404(b) presupposes the existence of *other* crimes)). Although the Third Circuit acknowledged that there are "pedagogical problems with understanding intrinsic evidence," the Court made clear that acts are intrinsic when they "directly prove" the charged offense. Cross, 308 F.3d at 320.

4. For purposes of determining whether evidence is intrinsic or extrinsic to the charged offense, it is immaterial whether Defendant could have been charged with a separate drug distribution offense on the basis of TFO Marzec's observation. See, e.g., Blyden, 964 F.2d at 1378 ("When the evidence of another crime is necessary to establish an element of the offense being tried, there is no 'other crime.'"). Where the challenged testimony relates to an act that is part of the charged crime, Rule 404(b) is not implicated because "[t]he evidence is focused on the crime at issue in the case being tried." Id. (holding that evidence of an assault for which the defendants were acquitted at a prior trial was intrinsic to the pending charge of possession of a firearm during a crime of violence arising out of the same incident, and was not subject to Rule 404(b)).

5. TFO Marzec's testimony regarding the hand-to-hand transaction that took place immediately prior to Defendant's traffic stop is direct proof of two essential elements of the offense: Defendant's possession of crack cocaine and his intent to distribute that crack cocaine.[2] TFO

---

[2] In order to prove that a defendant possessed with the intent to distribute 50 grams or more of cocaine base, the government must prove beyond a reasonable doubt: (1) that on or about the date set forth in the Indictment, the defendant knowingly or intentionally (2) possessed (3) with the intent to distribute (4) at least 50 grams or more of cocaine base. See United States v. Lacy, 446 F.3d 448, 454 (3d Cir. 2006).

3

Marzec observed the hand-to-hand transaction after Defendant exited a residence on North Second Street and entered the GMC Yukon – immediately prior to the events leading to Defendant's traffic stop. In a search during that traffic stop, officer located two separate packages of crack cocaine on Defendant's person. In addition, officers located 67.8 grams of crack cocaine in a rear compartment within the GMC Yukon. Since TFO Marzec observed the hand-to-hand transaction take place while Mr. Pittman was sitting in his vehicle, and the evidence is clear that Mr. Pittman did not make any intervening stops prior to being pulled over by the police, TFO Marzec's testimony regarding the hand-to-hand transaction is relevant and material to establish that Defendant possessed more than fifty grams of crack cocaine. See, e.g., United States v. Wilson, No. 01-2340, 46 Fed. Appx. 93 (3d Cir. 2002) (holding that a witness's testimony that he had previously received, then returned, a firearm from the defendant was intrinsic evidence to prove that the defendant illegally possessed the firearm).

6. Moreover, the evidence directly relates to what Defendant intended to do with the crack cocaine that he is charged with possessing. The evidence demonstrates that immediately prior to the discovery of large quantities of crack cocaine in Defendant's GMC Yukon, Defendant distributed drugs *from inside his vehicle* that were presumably a part of that same supply of crack cocaine that was found during the traffic stop. Testimony relating to Defendant's drug transaction is not evidence of an unrelated sale of narcotics that occurred at a remote time, but rather is tied directly to the crack cocaine that was found inside the same vehicle within minutes of TFO Marzec's observation. As such, evidence of the hand-to-hand transaction directly proves Defendant's intent. See United States v. Gibbs, 190 F.3d 188, 217-18 (3d Cir. 1999) (holding that evidence that the defendant attempted to have another person killed on two occasions was direct evidence of the

defendant's use of violence to further the illegal objects of his cocaine conspiracy by removing threats to the drug trafficking enterprise); see also United States v. Amadioha, No. 00-2610, 37 Fed. Appx. 594 (3d Cir. 2002) (concluding that evidence that the defendant smuggled heroin into the United States on four other occasions was intrinsic evidence relating to the charged heroin importation conspiracy, even though the packages had been imported on separate occasions).

    7.    Furthermore, evidence of the hand-to-hand transaction satisfies the balancing test of Federal Rule of Evidence 403. "Rule 403 requires the trial judge to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice." Blyden, 964 F.2d at 1378. The rule "creates a presumption of admissibility." Cross, 308 F.3d at 323. Applying the Rule 403 balancing test in this case, evidence of the hand-to-hand transaction should be admitted. The challenged evidence is directly relevant and highly probative to two essential elements of the charged offense – Defendant's possession of crack cocaine and his intent to distribute it. The evidence is very important because it helps rebut Defendant's likely defense that he did not possess the 67.8 grams of crack cocaine found in a rear compartment of the vehicle, particularly because that vehicle was registered in someone else's name. See Cross, 308 F.3d at 324 (noting that challenged evidence weighed in favor of admissibility because it undercut the defendant's main defense).

    8.    Contrary to Defendant's argument, the challenged evidence is not unduly prejudicial. Courts interpreting the rule have realized that "[a]ny evidence suggesting guilt is 'prejudicial' to a defendant and obviously Rule 403 is not intended to exclude all such matter." Blyden, 964 F.2d at 1378. Instead, "the focus must be on unfairness in the sense that the proponent would secure an advantage that results from a likelihood the evidence would persuade by illegitimate means." Id. (citations omitted). In this case, evidence of the hand-to-hand transaction would not cause the jury

to focus on illegitimate considerations that would be unduly prejudicial. The Government is not seeking to introduce the evidence to provide background information relating to remote conduct. Rather, the evidence is being offered as part of the chain of events that led to Defendant's arrest in order to help directly establish the charged offense. See id. (holding that evidence of a prior assault was not unduly prejudicial because it was essential to an element of the charged offense); see also Cross, 308 F.3d at 323-24 (finding that the prejudicial effect of evidence that the defendants, courthouse employees who were charged with mail fraud in connection with fixing the outcome of state court cases, received gifts and favors for fixing cases did not substantially outweigh the evidence's significant probative value of establishing the defendants' intent and motive). Accordingly, the evidence should not be excluded under Rule 403.

9. In the event the Court concludes that evidence of the hand-to-hand transaction is extrinsic to the charged offense, TFO Marzec's testimony should be admitted under Rule 404(b) as evidence of Defendant's intent to distribute the drugs in question. Courts have applied the following four-part test to determine whether evidence is admissible under Rule 404(b): (1) the evidence must have a proper purpose; (2) it must be relevant; (3) its probative value must outweigh its potential for unfair prejudice; and (4) the court must charge the jury to consider the evidence only for the limited purpose for which it is admitted. United States v. Givan, 320 F.3d 452, 460 (3d Cir. 2003). Rule 404(b) is a rule of inclusion, and evidence should be admitted under the rule if it is "relevant for any other purpose than to show a mere propensity or disposition on the part of the defendant to commit the crime." United States v. Long, 574 F.2d 761, 766 (3d Cir. 1978). The proponent of the evidence of prior acts "must clearly articulate how that evidence fits into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to

commit the crime charged." United States v. Himelwright, 42 F.3d 777, 782 (3d Cir. 1994) (citations omitted).

10. TFO Marzec's testimony regarding the hand-to-hand transaction establishes a contested element of the case apart from Defendant's propensity to engage in drug transactions. The evidence is admissible because it demonstrates that Defendant intended to distribute the drugs that he is charged with possessing. The facts suggest that Defendant distributed drugs from his GMC Yukon, the same vehicle that officers stopped minutes later – without Defendant making any intervening stops – in which they found a large quantity of crack cocaine. TFO Marzec's testimony regarding the hand-to-hand transaction promotes the logical inference that Defendant intended to distribute the crack cocaine found inside his vehicle. See United States v. Boone, 279 F.3d 163, 187 (3d Cir. 2002) (finding that evidence of the defendant's prior drug trafficking activities was admissible under Rule 404(b) to establish, *inter alia*, the defendant's intent to distribute crack cocaine); see also Givan, 320 F.3d at 460-61 (determining that the defendant's six-year old drug conviction was properly admitted to help prove his intent to distribute heroin hidden in his vehicle).

11. For all of these reasons, Defendant's motion in limine should be denied.

                Respectfully submitted,

                COLM F. CONNOLLY
                United States Attorney

                /s/ Robert F. Kravetz
By:  Robert F. Kravetz
      Assistant United States Attorney

Dated: November 16, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Criminal Action No. 06-131-SLR |
| LESTER PITTMAN, | ) ) ) |
| Defendant. | ) |

### ORDER

AND NOW, this _____ day of _____, 2007, having considered Defendant's Motion in Limine to Exclude Evidence Under Rule 404(b) (D.I. 36), and the Government's response thereto, it is hereby **ORDERED** that Defendant's motion is **DENIED**.

**IT IS FURTHER ORDERED** that testimony regarding a hand-to-hand transaction involving Defendant and another individual, which took place immediately prior to Defendant's arrest on October 6, 2006, may be introduced by the Government at trial in this matter.

By the Court:

_____
Hon. Sue L. Robinson
United States District Judge